IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE LAMONT T., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 19 C 899 |
| v. | ) | |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff Andre Lamont T.'s[3] Social Security benefits were terminated due to medical improvement on December 16, 2016, and his subsequent attempts to review this decision, both in front of an Administrative Law Judge ("ALJ") and the Appeals Council ("AC"), were dismissed as untimely. Plaintiff has filed a motion to remand the Commissioner's decision terminating his

---

[1] The Court substitutes Kilolo Kijakazi for her predecessor, Andrew Saul, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[2] On March 18, 2019, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to a United States Magistrate Judge for all proceedings, including entry of final judgment. (D.E. 9.) On May 31, 2019, this case was reassigned to this Court for all proceedings. (D.E. 15.)

[3] The Court in this opinion is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court. IOP 22 presumably is intended to protect the privacy of plaintiffs who bring matters in this Court seeking judicial review under the Social Security Act. The Court notes that suppressing the names of litigants is an extraordinary step ordinarily reserved for protecting the identities of children, sexual assault victims, and other particularly vulnerable parties. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). Allowing a litigant to proceed anonymously "runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Id*. A party wishing to proceed anonymously "must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id*., citing *Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997). Under IOP 22, both parties are absolved of making such a showing, and it is not clear whether any party could make that showing in this matter. In any event, the Court is abiding by IOP 22 subject to the Court's concerns as stated.

claim for disability benefits or in the alternative, for a writ of mandamus to instruct the Commissioner to "properly process and adjudicate his claim." (D.E. 22.) The Commissioner has filed a cross-motion to affirm the decision. (D.E. 34.) The motions are now fully briefed.

## BACKGROUND

### I. Relevant Facts

Plaintiff applied for Social Security disability benefits on December 27, 2007, alleging he became disabled after a motor vehicle accident on August 3, 2006. (R. 101-03, 104-08.) On March 22, 2010, an ALJ issued a fully favorable decision granting him benefits. (R. 69.) On October 14, 2015, pursuant to "a continuing disability review" under 20 C.F.R. § 404.1589, the Social Security Administration ("SSA") issued a "Notice of Disability Cessation" stating that Plaintiff had experienced "medical improvement" and was no longer disabled as of October 15, 2015. (R. 78-81.) SSA mailed this notice to Plaintiff's address at 832 Avers Street, Apartment 1 in Chicago ("the Avers address").[4] (*Id.*)

On October 23, 2015, Plaintiff submitted a request for reconsideration, stating that he was still disabled and unable to work; he listed the Avers address and 773-800-8181 as his phone number. (R. 83.) On December 16, 2016, an SSA hearing officer issued a written decision finding – after a review of Plaintiff's medical records and daily activity reports, state agency consultative examination reports and non-examining state agency opinions from March 2014 through April 2016 – that Plaintiff had experienced medical improvement and his impairments were not severe. (R. 84-88.) SSA mailed a copy of the decision and a notification of cessation of Plaintiff's benefits to the Avers address. (R. 96.) On December 23, 2016, Plaintiff filed a request for a hearing before

---

[4] Although the SSA documents refer to Avers as a Street, the Court notes that Avers in Chicago is an Avenue.

an ALJ (R. 15), and on January 31, 2017, the SSA sent a letter to Plaintiff at the Avers address acknowledging the request. (R. 16.)

On November 24, 2017, SSA mailed a notice to Plaintiff at 8755 South Loomis Street in Chicago ("the Loomis address") stating that the hearing was scheduled for noon on February 15, 2018. (R. 33.) The notice included a blank "acknowledgement of receipt (notice of hearing)" form that Plaintiff was to complete and return to SSA. (R. 41.) On January 4, 2018, SSA mailed an amended notice of hearing to the Loomis address, changing the time of the hearing to 11:00 a.m. (R. 46-49.) On January 25, an SSA employee "attempt[ed] to call" Plaintiff at the number 312-265-9068 but was unsuccessful; the employee "twice . . . received a constant busy signal." (R. 58.)

On February 1, 2018, SSA mailed a notice of hearing reminder to the Loomis address, stating that SSA had not received Plaintiff's acknowledgement of receipt form and warning that if Plaintiff did not appear at the hearing and did not provide a good reason, the ALJ would dismiss his request for hearing. (R. 100.) Plaintiff did not appear at the February 15 hearing. On February 16, an SSA employee ran a database query for Plaintiff's address; the results listed Plaintiff's "SSR" (Supplemental Security Record) mailing address and residence address as the Avers address and the "MBR" (master beneficiary record) address as the Loomis address.[5] (R. 57.) The query listed 773-822-7325 as Plaintiff's phone number. (*Id.*)

**II.    The ALJ's Decision**

On February 28, 2018, the ALJ assigned to Plaintiff's case issued a written opinion dismissing Plaintiff's request for hearing and finding that the determination dated December 16,

---

[5] The parties do not define or otherwise explain the purpose of the "MBR address" as compared with the residential and mailing addresses, and the Court's search of the record and Social Security regulations was not illuminating. In addition, the record is devoid of any information indicating why the SSA mailed the November 2017 notice of hearing to Plaintiff at the Loomis address, or why the SSA sought to telephone him at the 312-265-9068 number, when Plaintiff had given the Avers address and the 773-800-8181 number in his October 2015 request for reconsideration.

3

2016 remained in effect; the Court herein refers to this order as "the ALJ Dismissal Order." (R. 68.) The ALJ applied 20 C.F.R. § 404.957(b)(1)(i), which states that a request for hearing before an ALJ will be dismissed if neither the claimant nor his designated representative "appears at the time and place set for the hearing and [the claimant has] been notified before the time set for the hearing that [his] request for a hearing may be dismissed without further notice if [he] did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear." 20 C.F.R. § 404.957(b)(1)(i). The ALJ made the following findings:

- A notice of hearing was mailed to Plaintiff on November 24, 2017 "at his last known address" [the Loomis address] advising him of the time and place of hearing and reminding him that failure to appear at the hearing without good cause could result in dismissal of his request for hearing. The notice of hearing also asked Plaintiff to return an enclosed acknowledgement of receipt form to the hearing office. (R. 67.)

- Plaintiff did not return the acknowledgement form, so SSA attempted to contact him "as required by 20 CFR 404.938." (*Id.*) Specifically, on January 25, 2018, "the Hearing Office unsuccessfully attempted to contact the claimant by phone" [at the 312-265-9068 number] and on February 1, a notice of hearing reminder "was mailed to the claimant" at the Loomis address. (*Id.*)

- Plaintiff did not appear at the hearing on February 15, 2018. (*Id.*)

Based on these findings and "consider[ing] the factors set forth in 20 CFR 404.957(b)(2)" (any physical, mental, educational, or linguistic limitations the claimant may have), the ALJ concluded "there [was] no good cause for the claimant's failure to appear" at the hearing. (R. 68.) A Notice of Dismissal accompanied the ALJ Dismissal Order, stating that a written appeal of the order was due within 60 days of Plaintiff's receipt of the notice, which the AC would assume was within five days of the date of the notice, "unless you show you did not get it within the 5-day period." (R. 64-65.) The notice stated that the AC "will dismiss a late request unless you show you

4

had a good reason for not filing it on time." (R. 65.) The Notice of Dismissal and the ALJ Dismissal Order were mailed to the Loomis address on February 28, 2018. (R. 64.)

### III. Plaintiff's Appeal of the ALJ Dismissal Order

On May 8, 2018, Plaintiff submitted a form requesting review of the ALJ Dismissal Order. (R. 7.) The form appears to have been typed in by an SSA employee named "B. Harris," as the spaces for "claimant's signature" and "representative's signature" are blank. (*Id*.) On the form, Plaintiff's address was typed in as the Loomis address and his phone number was listed as 773-800-8181.[6] (*Id*.) "B. Harris" checked a box on the form indicating that this request was "received within 65 days of the ALJ's Decision/Dismissal." (*Id*.)

On June 11, 2018, the AC mailed Plaintiff a notice at the Loomis address stating that his request for review was filed late because the ALJ Dismissal Order was dated February 28, 2018, making May 4, 2018 (65 days after February 28) the last day Plaintiff could file a request for review. (R. 9.) The notice explained that Plaintiff should send the AC a statement "showing the reason(s) why [he] did not file the request for review within 60 days" of having notice of the ALJ Dismissal Order along with "evidence that supports [his] explanation" and "information about when [he] received the notice of the [ALJ's] action." (*Id*.) If Plaintiff "showed that [he] did not receive notice of the [ALJ's] action within 5 days after the date on it, the Appeals Council may find that [the] appeal is timely." (*Id*.) Alternatively, if Plaintiff showed that he had "good reason for filing late, the Appeals Council will extend the time period and find that [his] appeal is timely." (*Id*.) If Plaintiff did not show that he had a good reason for filing late, the AC would dismiss his request for review. (R. 10.)

---

[6] The record did not indicate more precisely how the Loomis address was communicated to SSA as Plaintiff's address, or whether there was any earlier time when anyone including Plaintiff indicated to SSA that he resided at the Loomis address and not at the Avers address.

5

The following day, June 12, 2018, Plaintiff's appointed attorney submitted a letter to the AC requesting remand of the ALJ Dismissal Order and reinstatement of the hearing. (R. 11.) The attorney asserted Plaintiff had good cause for filing a late request for review of the ALJ Dismissal Order because he never received the notice of hearing, the reminder of hearing notice, or the notice of the ALJ Dismissal Order; instead, Plaintiff learned of the ALJ Dismissal Order on March 5, 2018,[7] when he went to an SSA office to determine why his Social Security benefits had stopped. (*Id*.) Thus, Plaintiff's attorney argued that the AC should consider the merits of Plaintiff's request for review of the ALJ Dismissal Order and find that Plaintiff had good cause for failing to appear at the hearing. (R. 11-12.)

On October 24, 2018, the AC sent a letter to Plaintiff's attorney stating that they had granted her "request for more time before [they] act on [the] case."[8] (R. 59.) The letter noted that it was "not a finding of good cause for late filing" of Plaintiff's request for review of the ALJ Dismissal Order. (*Id*.) The letter gave Plaintiff the opportunity to submit "additional evidence," which the AC would consider if it was "new, material, and relates to the period on or before the date of the hearing decision," and if "there is a reasonable probability that the additional evidence would change the outcome of the decision." (*Id*.)

On December 10, 2018, the AC issued a one-page order dismissing Plaintiff's request for review of the ALJ's order of dismissal, herein referred to as "the AC Dismissal Order." (R. 4.) The AC Dismissal Order stated as follows:

- Plaintiff's request for review was filed more than 60 days "from the date the notice of dismissal was received as required by 20 C.F.R. § 404. 968(a)," which was "presumed to be five (5) days after the date of the notice unless a reasonable showing to the contrary was made." (*Id*.)

---

[7] Plaintiff contends this date was a scrivener's error, and that Plaintiff discovered the ALJ's dismissal order on May 8, 2018, the date he filled out the request for review form. (Pl. Mem. at 9 n.1.)

[8] The administrative record does not contain Plaintiff's attorney's "request for more time."

6

- The AC "may dismiss a request for review where the claimant has failed to file the request within the stated time period and the time for filing has not been extended." (*Id*., citing 20 C.F.R. § 404.971.) "The time period will be extended if good cause is shown for missing the deadline." (*Id*., citing 20 C.F.R. § 404.968(b).)

- On June 12, 2018, Plaintiff submitted a statement alleging that he had good cause for "fail[ing] to file the request within the stated period of time" because "he never received any of the hearing notices in the mail." (*Id*.)

- "The evidence of record shows that none of the hearing notices were returned as undeliverable. Also, the evidence of record does not show any indication that the claimant changed addresses." (*Id*.)

- The AC "therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review." (*Id*.)

- The December 16, 2016 determination finding medical improvement and ending Plaintiff's benefits "stands as the final decision of the Commissioner." (*Id*.)

The notice accompanying the order stated that "the dismissal of a request for review is final and not subject to further review." (R. 2.)

## ANALYSIS

In the motion before this Court, Plaintiff argues that he had good cause for filing his request for review more than 65 days after the date of the ALJ Dismissal Order, and thus, that the AC Dismissal Order should be reversed and remanded. Plaintiff also argues that the ALJ Dismissal Order dismissing his request for hearing as untimely should be reversed and remanded. The Commissioner argues that the AC properly determined that Plaintiff did not have good cause for filing his request for review late and that this Court does not have jurisdiction to review the ALJ's dismissal order.

I. The Scope of the Court's Review

Plaintiff contends that the AC's Dismissal Order in effect denied both his request for review and his request for a hearing, rendering the ALJ's Dismissal Order the final decision of the

7

Commissioner. (D.E. 23: Pl. Mem. at 4.) The Commissioner disputes this, arguing that the only final agency decision for the Court to review is the AC's Dismissal Order determining that Plaintiff did not have good cause for failing to timely file his request for review. (D.E. 35: Comm'r Mem. at 5.)

Plaintiff's attempt to convert the AC Dismissal Order into a denial of a request for review falls flat. The AC's dismissal of a claimant's request for review is itself a final order, unlike the AC's denial of a request for review, which makes the ALJ decision the reviewable final order. *Compare* 20 C.F.R. § 416.1472 *with* 20 C.F.R. § 404.981. The AC's "'final decision' [i]s its dismissal of [the claimant's] request for review based on its purported finding that [the claimant] lacked good cause for his delay.... [T]he agency's good cause determination is itself a reviewable decision." *Casey v. Berryhill*, 853 F.3d 322, 326 (7th Cir. 2017).[9]

## II.     Standard of Review

The Court reviews the AC's finding "as to any fact" under the substantial evidence standard, *Smith v. Berryhill*, -- U.S. -- , 139 S. Ct. 1765, 1779 n.19 (2019), meaning the AC's decision will be upheld if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, – U.S. –, 139 S. Ct. 1148, 1154 (2019). In addition, the Court reviews the AC's "overall conclusion" under the abuse of discretion standard, *Smith*, 139 S. Ct. at 1779 n.19, meaning it will be upheld if it is supported by "appropriate

---

[9] The Supreme Court recently affirmed this holding, finding that "dismissal by the Appeals Council on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision . . . made after a hearing' for purposes of allowing judicial review under § 405(g)." *Smith v. Berryhill*, -- U.S. --,139 S. Ct. 1765, 1774 and n.6 (2019). The Supreme Court clarified that "an ALJ hearing is not an ironclad prerequisite for judicial review," *id*. at 1774, which is in accord with the Seventh Circuit's holding that "'hearing' means a decision after whatever process the Social Security Administration itself elects to use . . . even if that process did not include an oral hearing." *Boley v. Colvin*, 761 F.3d 803, 805-06 (7th Cir. 2014) (holding that the ALJ's dismissal of a claimant's request for hearing because it was untimely was a reviewable final agency decision).

procedures," meaning not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Casey*, 853 F.3d at 329 (quoting *Boley*, 761 F.3d at 808 and 5 U.S.C. § 706).

### III. The AC Dismissal Order Was an Abuse of Discretion and Was Not Supported by Substantial Evidence

The AC Dismissal Order dismissed Plaintiff's request for review of the ALJ Dismissal Order on the grounds that Plaintiff had notice of the ALJ Dismissal Oder and that he did not have good cause for missing the deadline to request review. A party may file a written request for review with the AC within 60 days after the date he receives notice of the hearing dismissal, 20 C.F.R. § 404.968(a), which the AC assumes was within five days after the date shown on the notice unless the party shows the AC that he did not get it within the five days.[10] The 60-day time period will be extended if the party shows that he had "good cause for missing the deadline." *Id*. at § 404.968(b). To determine whether the party has shown that he had good cause for missing a deadline to request review, the AC considers: "(1) What circumstances kept you from making the request on time; (2) Whether our action misled you; (3) Whether you did not understand the requirements of the Act . . . ; and (4) Whether you had any physical, mental, educational, or linguistic limitations . . . which prevented you from filing a timely request . . . for review." *Id*. at § 404.911(a). Good cause may exist where, for example, the AC gave a party "incorrect or incomplete information about when and how to request administrative review," or where the party "did not receive notice of the determination or decision." *Id*. at § 404.911(b)(6-7). The AC will dismiss a request for review that was not filed within the stated period of time and the time for filing had not been extended. *Id*. at § 404.971.

---

[10] Form HA-520: Request for Review of Hearing Decision/Order, https://www.ssa.gov/forms/ha-520.html.

    **A.**    **The AC's Presumption that Plaintiff Received the Notice of the ALJ Dismissal Order within Five Days of Its Date Was Not Supported by Substantial Evidence**

In this case, the AC presumed that Plaintiff received the notice of the ALJ Dismissal Order five days after the notice's date of February 28, 2018, which would be March 5, 2018. Thus, the AC found that in filing a request for review on May 8, 2018, Plaintiff missed the deadline to request review of the ALJ Dismissal Order, because 60 days from March 5 was May 4, 2018. In the AC Dismissal Order, the AC confined its discussion of Plaintiff's June 12, 2018 "statement of good cause" (his letter stating the reasons why he did not file his request for review within the stated time period) to a note that Plaintiff alleged "he never received any of the hearing notices in the mail." (R. 4.) The AC then made two findings of fact, that (1) "none of the hearing notices were returned as undeliverable" and (2) there was no "indication that the claimant changed addresses," before concluding that there was no good cause to extend the time for filing and dismissing Plaintiff's request for review. (*Id.*)

The scant AC Dismissal Order was not supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. In making this determination, the Court is not "reweigh[ing] the evidence, resolv[ing] debatable evidentiary conflicts, determin[ing] credibility, or substitut[ing] [its] judgment for the ALJ's determination." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Rather, the Court finds that the AC Dismissal Order ignored most of the evidence of record as well as Plaintiff's reasons for why he did not file his request for review within the stated time period. No reasonable mind could accept such a thin discussion as adequate to support the AC's conclusion. An agency decision "may not ignore entire swaths" of evidence," and the Court "cannot uphold an administrative

determination that failed to explain the outcome adequately." *Lothridge v. Saul*, 984 F.3d 1227, 1233-34 (7th Cir. 2021).

The AC Dismissal Order failed to address the most important allegation in Plaintiff's statement of good cause: that he did not receive mailed notice of the ALJ Dismissal Order (as opposed to the notices of hearing), from which the 60-day clock begins running. (R. 11.) The Commissioner argues that any error is harmless because Plaintiff's June 12, 2018 letter stated that Plaintiff learned of the ALJ Dismissal Order on March 5, 2018, within the presumed five days after the date of the notice of dismissal, and "[t]hus, the Appeals Council properly concluded" that Plaintiff had not demonstrated a lack of notice. (Comm'r Br. at 7.) But the AC Dismissal Order – the final agency decision under review – did not consider whether Plaintiff went to the SSA office on March 5, 2018, wondering why his benefits had stopped. It is well-settled that the agency's "decision cannot be defended on a basis not articulated in [its] order;" to do so "violates the rule of *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194 (1947)" (the *Chenery* doctrine). *Hardy v. Berryhill*, 908 F.3d 309, 313 (7th Cir. 2018). In addition, Plaintiff contends the March 5 date was a scrivener's error or misunderstanding by his appointed attorney, and that he discovered the ALJ's dismissal order on May 8, 2018, the same day his request for review form was filled out at the SSA office. (Pl. Mem. at 9 n.1.)

Moreover, the regulations mandate that a written notice of dismissal of the hearing, along with written notice of the right to request AC review within 60 days, be mailed to all parties at their last known address. 20 C.F.R. § 404.958.[11] As such, even if Plaintiff went to the SSA office on March 5, 2018 to find out why his benefits had stopped, his visit to the SSA office does not

---

[11] "We shall mail a written notice of the dismissal of the hearing request to all parties at their last known address. The notice will state that there is a right to request that the Appeals Council vacate the dismissal action." 20 C.F.R. § 404.958.

11

substitute for SSA's duty to notify Plaintiff by mail at his last known address. Nothing in the SSA regulations indicates that a claimant's visit to an SSA office could supplant the proper mailing of written notice to the claimant's last known address, and for good reason: Relying on what was or was not said to a claimant during an in-person visit to an SSA office would lead to inconsistencies, misunderstanding and confusion, whereas a properly mailed written notice is a consistent and far clearer way of ensuring that notice was sent and received. Of course, the sending of the notice must be reasonably calculated to reach a claimant, and here, the record tells us nothing about why the SSA could reasonably have thought that notice would reach Plaintiff through the SSA's mailing to the Loomis address or through its call to the 312-256-9068 telephone number.

In addition, the AC failed to consider most of the evidence in the record relevant to the issue of Plaintiff's notice before concluding that he had received proper notice. As explained above, the Court's review of the brief record showed the following:

- SSA sent all of Plaintiff's correspondence to the Avers address through January 31, 2017.

- Beginning on November 24, 2017, SSA sent all of Plaintiff's mail to the Loomis address.

- There is no change of address form and no notice of the mail being returned in the record.

- Plaintiff never returned the form acknowledging receipt of the hearing notice that was sent to the Loomis address.

- On January 25, 2018, an SSA employee "attempt[ed] to call" Plaintiff at the number 312-265-9068 but was unsuccessful; the employee "twice . . . received a constant busy signal." (R. 58.) However, the only phone number Plaintiff ever listed for himself to SSA was 773-800-8181, and the SSA database query listed his phone number as 773-822-7325. (*Id.*)

- On February 16, 2018, an SSA database query listed the Avers address as Plaintiff's mailing address and residence address and the Loomis address as his MBR address.[12]

---

[12] The Commissioner points out that the June 12, 2018 statement of good cause letter to the AC did not specify why Plaintiff did not receive notice of the ALJ Dismissal Order, for example, because it was sent to an incorrect address. (Comm'r Mem. at 6-7.) But the AC Dismissal Order did not even consider Plaintiff's allegation that he never received mailed notice of the ALJ Dismissal Order, much less the reasons behind that, and the Commissioner may not attempt to defend the AC's decision "on a basis not articulated in [its] order." *Hardy*, 908 F.3d at 313.

12

- On February 28, 2018, the ALJ's dismissal order was mailed to the Loomis address.

- The first time the Loomis address was listed as Plaintiff's address on a form that he submitted was May 8, 2018.[13]

Because the AC Dismissal Order failed to consider this evidence that Plaintiff did not receive mailed notice of the ALJ Dismissal Order because it was sent to the Loomis address instead of the Avers address, the AC's conclusion that Plaintiff received notice of the ALJ Dismissal Order was not supported by substantial evidence. If the AC had considered the evidence in the record, it may well have drawn the opposite conclusion from the lack of evidence that Plaintiff changed addresses or that the hearing notices were returned as undeliverable.

### B. The AC's Dismissal Order Failed to Properly Apply the Law

Although the AC's failure to support its dismissal with substantial evidence is enough to require remand, the Court includes this section to make clear what law the AC must apply on remand in determining whether Plaintiff showed good cause for filing his request for review four days late. First, the law provides that "[i]n determining whether [a party has] shown that [he] had good cause for missing a deadline to request review," the AC must "consider what circumstances kept [the claimant] from making the request [for review] on time," 20 C.F.R. § 404.911(a)(1), including that the claimant "did not receive notice of the determination or decision." *Id*. at § 404.911(b)(7). The AC's failure to consider the evidence in the record and the arguments in Plaintiff's statement of good cause failed to adhere to this regulation.

---

[13] The Commissioner contends that the notice of the ALJ Dismissal Order "was sent to the same address listed by plaintiff in correspondence to the agency" and that "the record clearly shows that he subsequently moved to the Loomis address." (Comm'r Mem. at 2, 8.) But that assertion is a bit misleading. The Loomis address did not appear in Plaintiff's correspondence to the AC until months after the notice of the ALJ Dismissal Order was sent to the Loomis address, and there is zero evidence in the record that Plaintiff ever filed a change of address form.

13

Second, the law requires the AC to consider, in determining whether a party has shown good cause for missing a deadline to request review, "whether [its] action misled" the claimant, 20 C.F.R. § 404.911(a)(2), including whether the AC gave the claimant "incorrect or incomplete information about when and how to request administrative review." *Id*. at § 404.911(b)(6). There are two instances of, at a minimum, confusing communications from the AC which the AC should address on remand. The first is the SSA employee's decision on May 8, 2018, to check the box indicating that Plaintiff's request for review was timely received, despite it being received four days after the 60-day deadline in the regulations. The second is the AC's October 24, 2018 letter, which gave Plaintiff time to submit additional evidence relating to the period on or before the date of the hearing decision. Plaintiff argues that this additional evidence would only be relevant if the AC was allowing him to pursue his appeal on the merits of the ALJ's dismissal (Pl. Mem. at 10-11), but the Commissioner argues that the AC had yet to determine whether Plaintiff had good cause for filing his request for review late. (Comm'r Br. at 9-10.) Whatever the intent of the AC's letter, its inconsistencies are apparent.

> [I]n general—and certainly in a case like this one—a Social Security claimant may reasonably rely on the clear representations of the agency, printed on letterhead and dispatched in response to the claimant's inquiry. The agency is, after all, in a superior position to monitor its employees and to ensure that their communications are accurate.

*Casey*, 853 F.3d at 329. The Court is not finding that the AC's actions were misleading, but its communications with Plaintiff were at least confusing enough to warrant remand. In light of the remand, Plaintiff's request for the extraordinary remedy of mandamus is denied.

## CONCLUSION

For the foregoing reasons, the Court finds that the AC Dismissal Order was an abuse of discretion and was not supported by substantial evidence. The AC Dismissal Order is vacated and

14

the case is remanded to the AC with instructions to consider the evidence in the record and the factors set forth in 20 C.F.R. §§ 404.911(a) and (b) before determining whether or not Plaintiff had good cause for his delay in requesting review of the ALJ Dismissal Order.

           **ENTER:**

           **GABRIEL A. FUENTES**
           **United States Magistrate Judge**

**DATED: October 12, 2021**